UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EMMENTALY BUSINESS, INC., | |
| Plaintiff, | No. C12-0464RSL |
| v. | ORDER DENYING MOTION FOR ORDER AUTHORIZING RULE B ATTACHMENT OF ASSETS |
| SINORICHES GLOBAL LTD and SINORICHES ENTERPRISES CO., LIMITED, | |
| Defendants. | |

This matter comes before the Court on plaintiff's "Motion for Order Authorizing Rule B Attachment of Assets" (Dkt. # 2). Plaintiff seeks the attachment of Sinoriches Enterprises' assets held within this district, namely any and all fuel held on the vessel DEEP SEAS. In support of this request, plaintiff has provided a verified complaint (Dkt. # 1) and the affidavit of a legal assistant employed by plaintiff's counsel (Dkt. # 3).

Pursuant to Local Admiralty Rule 105, a claim to property must be verified by plaintiff's officer or attorney. If an authorized corporate officer is not present in the district, plaintiff's duly-authorized agent may verify the claim. An agent must, however, "state the sources of the knowledge, information and belief contained in the pleading or claim . . . [,] state why verification is not made by the party or an authorized corporate officer, and state that the affiant is authorized so to verify." The verification submitted with the complaint does not satisfy these requirements. Mr. Pittas is not an officer of Emmentaly Business, Inc., and has

not provided information that would allow the Court to evaluate his authority to speak or his knowledge of the events described.

Pursuant to Supplemental Admiralty Rule B(1)(b), "[t]he plaintiff or the plaintiff's attorney must sign and file with the complaint an affidavit stating that, to the affiant's knowledge, or on information and belief, the defendant cannot be found within the district." The affidavit must also "state with particularity the efforts made to locate the defendant in the district." Local Admiralty Rule 115(b).  Only if the complaint and affidavit satisfy the requirements of Rule B will an order of attachment issue.  Plaintiff has not provided the affidavit of a corporate officer or its attorney.  Rule B requires the affirmation of specific individuals, and the employee of an attorney is not one of them.  Even if the affiant had declared herself authorized to speak on behalf of plaintiff or her employer, the form of the affidavit is defective.  Although the affiant declares that she was "first duly sworn" (Dkt. # 3 at 1), plaintiff's counsel acted as the notary and does not attest to the identity of the affiant or that the affiant acknowledged an obligation to tell the truth (Dkt. # 3 at 2).[1]  Because the affidavit is, in fact, unsworn, it would have to be executed under penalty of perjury in order to be accepted as evidence of the matters stated therein.  28 U.S.C. § 1746.  See also U.S. v. Bueno-Vargas, 383 F.3d 1104, 1111 (9th Cir. 2004) (finding that a sworn oath or a statement under penalty of perjury are required because "it is a signal that the declarant understands the legal significance of the declarant's statements and the potential for punishment if the declarant lies.").  The affidavit is, therefore, defective.

The Court has reviewed the verified complaint and affidavit and finds that the conditions of Rule B are not met.  The motion for order authorizing an attachment of assets

---

[1] The notary's certification is written as if Mr. Moure, plaintiff's counsel, were both the affiant and the notary.

ORDER DENYING MOTION FOR
ATTACHMENT OF ASSETS                    -2-

1  (Dkt. # 2) is, therefore, DENIED.

       Dated this 20th day of March, 2012.

                                  /s/ Robert S. Lasnik
                                  Robert S. Lasnik
                                  United States District Judge